■ POLA SCHWEITZER et al., Respondents, v. BOWERY SAVINGS BANK et al., Defendants, and SHIRLEY BASHKER et al., Individually, and as Preliminary Executrices of MAX SCHWEITZER, Deceased, Appellants.— In an action to declare certain moneys on deposit in savings bank accounts in the name of a decedent in trust form to be in part the property of one of the plaintiffs and in part the property of the other plaintiff, by way of gift, defendants Bashker and Goldberg appeal from an order of the Supreme Court, Kings County, entered February 15, 1966, which (1) granted plaintiffs' motion for pretrial examination of said defendants, (2) struck out certain items of said defendants' demand for a bill of particulars, (3) directed that such bill be furnished after completion of said pretrial examination and (4) directed that pretrial examination of plaintiffs be deferred until after service of the bill of particulars. Order modified by (1) striking out all provisions therein which granted plaintiffs relief as to the demand.for a bill of particulars and as to pretrial examination of plaintiffs, (2) by providing, in lieu thereof, that the motion is denied as to such relief, (3) by striking out the provision fixing a time for examination of defendants Bashker and Goldberg and (4) by further providing that (a) plaintiffs shall first serve a bill of particulars as demanded by said defendants and shall thereafter submit themselselves for pretrial examination as demanded by said defendants and (b) examination of said defendants shall follow completion of the examination of plaintiffs. As so modified, order affirmed, with $50 costs to appellants. The bill of particulars shall be served within 20 days after entry of the order hereon; and the dates of the successive examinations shall be determined upon motion or motions to be made at Special Term in the event the parties cannot agree as to that by stipulation. The items which were struck from the demand for a bill of particulars were material with respect to the allegations in the complaint. There is nothing shown which warrants a protective order requiring a change in the normal procedure of furnishing particulars and testifying at examinations according to the times of respective notices therefor. Accordingly, plaintiffs should first serve a bill of particulars and then appear for their pretrial examinations in accordance with the appealing defendants' demand and notice; and subsequent thereto, examination should be had of said defendants. In the event of failure to agree upon precise dates, the chronology may be settled upon motion by either side in this controversy. Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur.

■ ROCCO TROISI, Respondent, v. PRAVER ASSOCIATES et al., Defendants, and UNDERHILL CONSTRUCTION CORP., Appellant.— In a negligence action to recover damages for personal injuries, defendant Underhill Construction Corp. appeals, from an order of the Supreme Court, Kings County, entered May 31, 1966, which denied its motion, pursuant to CPLR 3012 (subd. [b]), to dismiss the action for failure to serve a complaint and granted plaintiff's cross motion for leave to serve a complaint. Order reversed, without costs; defendant Underhill's motion granted; cross motion denied; and action dismissed, without costs. Under the circumstances disclosed in this record, it was an improvident exercise of discretion to deny the motion to dismiss the action and to grant the cross motion. Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur.